UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AKIKO WARD,<br>    12311 Osprey Drive<br>    Gig Harbor, WA 98332,<br><br>          Plaintiff,<br>v.<br><br>DAVITA VANCE-COOKS,<br>    Director<br>    U.S. Government Publishing Office<br>    710 North Capitol St NW<br>    Washington, DC 20403,<br><br>          Defendant. | Civil Action No. _____ |

**COMPLAINT**
(Employment Discrimination)

**Introduction**

1.  Plaintiff, Akiko Ward, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e)-2 *et seq*, as amended, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a, to redress unlawful employment discrimination against her because of her sex (female) and age (date of birth - August 23, 1950) perpetrated against her by the United States Government Publishing Office ("GPO" or "Defendant"). Specifically, plaintiff contends that because of her sex and age, Defendant subjected her to materially adverse changes in the terms or conditions of her employment by reassigning her from the position of Customer Services Controller to Systems Controller.

### Jurisdiction

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16(c) and the Age Discrimination in Employment Act of 1967, Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a. Subject matter jurisdiction is also pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, thereby presenting a federal question.

### Venue

3. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b) as the events giving rise to Plaintiff's claims occurred in this judicial district, the personnel records of defendant concerning Plaintiff are here, and the Defendant is located, has offices, and conducts business in this judicial district.

### Exhaustion of Administrative Remedies

4. All of the necessary administrative prerequisites for filing the above-referenced claims have been met, as Plaintiff timely filed a formal administrative complaint of discrimination (age and sex) on April 17, 2013, having received notice of her right to file a formal EEO complaint that same day. The complaint was investigated and the agency issued a report of investigation ("ROI") on January 16, 2014. On January 31, 2014, Plaintiff requested a hearing before an EEOC Administrative Judge. – that is, within 90 days of the filing of the instant complaint with this Court. Subsequently, on July 21, 2016, Complainant withdrew her request for a hearing before an EEOC Administrative Judge and requested a final agency decision ("FAD") from GPO. Plaintiff's request for an EEOC hearing

was dismissed, and Defendant issued a FAD which was received by Plaintiff on September 13, 2016 – that is, within 90 days of the filing of this civil complaint.

## Parties

5.   Plaintiff Akiko Ward is a citizen of the United States and a resident of the state of Washington. At all times relevant to this complaint, she was employed as a PG-15 Systems Controller for Defendant, United States Government Publishing Office.

6.   Defendant Davita Vance-Cooks is the Director of the United States Government Publishing Office, which is an agency of the Legislative Branch of the government of the United States which has employed at least 600 persons in each of the last 20 months. Ms. Vance-Cooks is sued here as Defendant in her official capacity as head of the GPO only.

## Statement of Facts

7.   Plaintiff Akiko Ward was born on August 23, 1950 and is currently 66 years of age. She is by training and experience an accountant. She was awarded a Bachelor of Science degree from the University of Southern California in 1975, and was licensed as a Certified Public Accountant in 1989.

8.   After obtaining a broad range of accounting experience in the private sector, plaintiff began her career as an auditor in 1989 with the Department of Defense Contract Audit Agency. The DCAA is involved in highly specialized audits not regularly found in the public sector. This experience is not the same as the experience obtained through public accounting as Mr. Shedd mentioned that I had. After several years with the Department of Defense, plaintiff joined the Inspector General's Office of the United States Department of Agriculture.

9. Plaintiff began her employment with the Government Publishing Office ("GPO") in October 2004 as a Grade 15 Supervisory Customer Services Controller, and worked in that job until 2013, when she was involuntarily transferred to the position of Systems Controller. From 2004 to 2013, plaintiff's immediate supervisor was William Boesch, the Deputy Chief Financial Officer in the Office of Finance and Administration. Her second-level supervisor was Steve Shedd, the Chief Financial Officer.

10. The Customer Service Controller job which plaintiff performed from 2004 until her involuntary transfer is a position of prominence with high-level duties. Plaintiff performed her duties as a Customer Service Controller in an excellent manner which exceeded her employer's legitimate expectations.

11. Plaintiff's duties as a Customer Service Controller included supervision of approximately 25 employees. One of plaintiff's subordinates was herself a first-level supervisor, and she served as reviewing official, responsible for approving all performance ratings this employee issued. Plaintiff acted as the second level manager, and in that capacity handled and decided employee complaints. Plaintiff was accountable for the performance of all 25 of the employees under her supervision and she represented management with respect to performance awards, discipline negotiations with the union, and alternative dispute resolution.

12. As Customer Service Controller, plaintiff was responsible for representing GPO to several other federal agencies on financial matters. Plaintiff worked with other agencies to resolve difficult accounting issues. In this position, plaintiff had the opportunity to cultivate a relationship with the Department of the Treasury, which was highly valuable to her as one of her professional goals was to contribute to modernizing and improving financial management efficiencies within the Federal Government. In this regard, plaintiff sponsored and improved financial modernization of GPO by

converting GPO's payment method to the Department of the Treasury. At the time plaintiff was involuntarily reassigned, plaintiff was in the midst of introducing another program, an Internet Payment Program, to further modernize government financial services. Plaintiff's performance of these functions earned her the valuable professional reputation of being a knowledgeable, "can-do" problem solver.

13. Plaintiff was already highly educated in accounting and had earned her CPA license when she was selected for the Customer Service Controller position. As such, she already possessed the expertise necessary to excel in it, and her training needs were low.

14. Plaintiff's Customer Service Controller position required a full supervisory management office equivalent to the offices assigned to all the other GS-15 managers in the Finance Division. In addition, this position provided plaintiff excellent experience and training directly related to meeting the qualifications for her to advance to the Senior Executive Service ("SES") level.

15. In March 2013, plaintiff learned she had been involuntarily reassigned from her position as Customer Service Controller to the position of Systems Controller. The reassignment had officially occurred in January 2013, but plaintiff did not learn of it at that time because she was out of the office on leave. Unlike the Customer Service Controller position, the Systems Controller position was a non-essential one. The involuntary nature of plaintiff's transfer from a high-profile, essential role in the agency, to a low-profile, unimportant position gave the appearance that the reason for the transfer was performance problems, which plaintiff did not have.

16. Reassignment to the Systems Controller position stripped plaintiff of her high-level duties, and put her in a non-essential role. While plaintiff had previously been supervising approximately 25 employees, as Systems Controller, she only supervised three. She was no

longer a second-level manager so she no longer had second-level manager duties, including approving performance ratings and deciding employee complaints. This reassignment constituted a demotion because it reduced plaintiff's position by one management level.

17.     Unlike her former Customer Service Controller position, plaintiff now had no opportunity to represent GPO to other agencies, or work with other agencies in resolving complex financial issues. Plaintiff no longer had the opportunity to interface professionally with virtually any other entities besides the information technology ("IT") office. She no longer had the opportunity to interact with the Department of Treasury or any other outside agencies. This thwarted her professional goal of modernizing government and making it more efficient.

18.     Plaintiff was physically reassigned from a GS-15 sized office to a GS-13 sized, non-management office. Plaintiff identified a management-sized office which was available on a part-time basis and asked if she could use it when the other employee was not, but GPO refused this reasonable request. Eventually, after complaining that she required a management-sized office, plaintiff was able to move to a somewhat larger office, but it was inferior to the one she had occupied as a Customer Service Controller.

19.     While plaintiff was formally educated in accounting and financial management, and had 30 years' professional experience in this area, she did not have IT systems technical training or experience. Yet GPO forced plaintiff into a position which did not use any of the skills she did have, and required her essentially to start from scratch gaining training and expertise in IT systems, an area she had no interest or previous experience in, in order to perform the Systems Controller duties. As such, GPO thwarted plaintiff's opportunity to develop the level of experience and skill needed to reach the SES level. Moreover, this reassignment essentially negated plaintiff's previous 30 successful years of experience in financial management, because

any on-looker would believe that her transfer out of the Customer Service Controller position was because of bad performance because this was the appearance GPO's adverse action against plaintiff created, though she never had any performance problems.

20. Rather than languish in this position, plaintiff retired from the GPO on December 24, 2014. Immediately after plaintiff's retirement, GPO eliminated the Systems Controller position it had moved her into the previous year, demonstrating that GPO did not consider this an important position within the agency, and that it was certainly inferior to the high-profile Customer Service Controller position plaintiff had served in before.

21. The reasons GPO reassigned plaintiff were her sex and age. She learned that the only non-essential Systems Controller position she was assigned to had been created so that she could be vacated from Customer Service Controller position in order to replace her with a much younger employee. The employee who replaced plaintiff is at least 20 years younger than plaintiff, and was less qualified for the Customer Service Controller position. GPO promoted the younger, less qualified employee to plaintiff's former position. None of plaintiff's several male peer comparators were requested or forced to vacate their positions or offices in order to make a position available for this much younger employee. The reasons GPO chose plaintiff as the employee who would have to move and do a made-up job to make way for the younger employee's promotion were that she is older and a woman.

## Statement of Claims

22. GPO's forcible reassignment of plaintiff because of her age and sex was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e)-2 *et seq.*, and Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*

23. As a direct and proximate result of this unlawful discriminatory act of forcibly transferring her from her Customer Service Controller position to the non-essential position of Systems Controller, plaintiff has suffered and continues to suffer injuries in the form of personal and professional humiliation and embarrassment, reduction in career advancement opportunities, as well as emotional distress, pain and suffering.

### **Prayer for Relief**

WHEREFORE, plaintiff prays that this Court enter judgment in her favor and against defendant on the claims of unlawful discrimination in employment practices brought herein pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, and provide her with the following relief:

(a) award plaintiff compensatory damages against defendant in the amount of $300,000.00, plus interest thereon;

(b) order defendant to immediately return plaintiff to her position of Customer Service Controller;

(c) enjoin defendant and its officers and directors from discriminating against plaintiff further;

(e) award plaintiff the costs of bringing and maintaining this civil action and the administrative complaints that necessarily preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. 2000e-5(k); and

(f) award plaintiff such other and further relief as the interests of justice may require.

## Jury Demand

Plaintiff hereby requests a trial by jury on all issues of fact, including the measure of damages.

Respectfully submitted,

*/s/ Ellen K. Renaud*

Ellen K. Renaud
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, DC 20005
Tel (202) 842-0300
Fax (202) 842-1418
Email - ekrenaud@swickandshapiro.com

Attorney for Plaintiff