# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| AKIKO WARD, |
|     *Plaintiff*, |
| v. |
| DAVITA VANCE-COOKS, |
|     *Defendant*. |

Civil Action No. 16-1915 (TJK)

## ORDER

Before the Court is Defendant's pre-discovery Motion for Summary Judgment.[1] ECF No. 11. For the reasons explained below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

With regard to Plaintiff's age discrimination claim, the Court concludes that there are genuine issues of material fact as to the two issues raised by Defendant: whether (1) Plaintiff suffered an adverse employment action when she was transferred and (2) a reasonable jury could conclude from all the evidence that the action was undertaken for a discriminatory reason based on her age.[2] The Motion is therefore denied as to that claim.

As to the former point, the Court so holds because Plaintiff has raised a genuine issue of material fact concerning whether she had significantly different, and diminished, responsibilities

---

[1] Plaintiff has neither objected to the timing of Defendant's summary judgment motion nor sought discovery.

[2] In reaching all of its conclusions, the Court considered the Complaint, ECF No. 1; Defendant's Motion for Summary Judgment, ECF No. 11, and exhibits thereto; Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, ECF No. 14, and exhibits thereto; and Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, ECF No. 16.

and supervisory authority after she was transferred. *See Czekalski v. Peters*, 475 F. 3d 360, 364 (D.C. Cir. 2007).

As to the latter point, the Court so holds because Plaintiff has—barely—offered sufficient evidence tending to negate Defendant's contention that Plaintiff was transferred because Defendant urgently needed to fill her new position in light of the findings of its annual audit. That evidence includes facts that suggest that Plaintiff's new position had fewer responsibilities and less supervisory authority than her previous one; the fact that the position remained open for long periods both before and after she occupied it (no one else was apparently transferred or hired to fill it after she resigned); the lack of a clear connection, at least on the record here, between the audit's findings and her new position's duties; and other circumstantial evidence from which a reasonable jury could conclude that Plaintiff's supervisors may have—for whatever reason—simply wanted to transfer Plaintiff in order to promote her much younger subordinate into her old position. And not long afterward, that is precisely what happened.

Defendant offers various additional reasons justifying Plaintiff's transfer: for example, that she was a good fit for her new job in terms of her skillset, and that doing so made budgetary sense. But Plaintiff casts some doubt on each of them, and more importantly, each is ultimately subordinate to the overarching reason Defendant proffered why *anyone* had to be transferred into the position at all—because of an urgent need to fill it. Our Circuit has held that "[u]sually, proffering 'evidence from which a jury could find that [the employer's] stated reasons . . . were pretextual . . . will be enough to get a plaintiff's claim to a jury.'" *George v. Leavitt*, 407 F.3d 405, 413 (D.C. Cir. 2005) (second alteration in original) (quoting *Carpenter v. Fed. Nat'l Mortgage Ass'n,* 165 F.3d 69, 72 (D.C. Cir. 1999)); *Aka v. Washington Hosp. Ctr.*, 156 F.3d

2

1284, 1291 (D.C. Cir. 1998) (en banc) (identifying narrow circumstances in which this is not so). Such is the case on the current record here.

The Court emphasizes that, simply because a reasonable jury could conclude—on the record as it now stands—that Defendant transferred Plaintiff for reasons other than the one it has proffered does not at all mean that Plaintiff is likely to prevail in this matter. It is simply not the case "that plaintiff's evidence is in any way overwhelming or objectively persuasive. Indeed, it is worth noting that plaintiff's case of [age] discrimination in reassignment is based entirely upon evidence that . . . tends to negate defendant's explanation. . . . Totally absent from the record is any circumstantial evidence tending to affirm that plaintiff's [age] was a consideration in the challenged action, such as the sort of 'independent evidence of discriminatory statements or attitudes on the part of the employer' that the D.C. Circuit [has] referenced. . . . The inference of [age]-based bias is therefore not a strong one. But, under the applicable precedent in this Circuit, it is nonetheless a proper issue for jury resolution." *Kalinoski v. Gutierrez*, 435 F. Supp. 2d 55, 69 (D.D.C. 2006) (citation omitted) (quoting *Aka*, 156 F.3d at 1289).

As for Plaintiff's sex discrimination claim, the Court concludes that Plaintiff has failed to demonstrate a genuine issue of material fact as to whether Plaintiff's transfer was undertaken for that discriminatory reason. As such, Defendant's Motion is granted as to that claim.

Plaintiff asserts that she was the victim of discrimination because her supervisors, whom she alleges wanted to promote her subordinate, could have decided to transfer any one of Plaintiff's male counterparts from other agency components to make room for her subordinate— but instead chose Plaintiff because she was female. At the outset, the Court notes that Plaintiff's subordinate, who was ultimately promoted into her old position, *was also female*. While a plaintiff need not have been replaced by someone outside her protected class to make a prima

facie case of discrimination, *see Stella v. Mineta*, 284 F.3d 135, 145-46 (D.C. Cir. 2002), "a replacement within the same protected class cuts strongly against any inference of discrimination." *Murray v. Gilmore*, 406 F.3d 708, 715 (D.C. Cir. 2005) (citing *Brown v. Brody*, 199 F.3d 446, 451 (D.C. Cir. 1999)).

Nonetheless, Plaintiff argues that it is the sex of her spared male counterparts who were not transferred, and not that of her subordinate who replaced her, that is relevant to her claim of sex discrimination. But even assuming Plaintiff is correct that her supervisors wanted to promote her subordinate, the obvious reason they would have transferred *Plaintiff* is because her subordinate would have been more familiar with and qualified for *Plaintiff's* position, as opposed to those occupied by her male counterparts. There is no evidence in the record that any of Plaintiff's male counterparts occupied positions for which Plaintiff's subordinate would have been qualified.

On this record, that Plaintiff has cast doubt upon Defendant's stated reasons for her transfer is insufficient to avoid summary judgment on this claim. There is substantial, uncontroverted evidence that Plaintiff's supervisors did not discriminate against her based on her gender. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148 (2000). Accordingly, because no reasonable jury could find that Plaintiff's supervisors did so, Defendant's motion for summary judgment as to that claim is granted.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: November 29, 2018

4